

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| SHAHID MAJID, § | |
|     Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION 0:24-1452-MGL |
| § | |
| CLERK SHARON STAGGERS, SLED § | |
| DIRECTOR MARK KEEL, DEPUTY § | |
| GENERAL COUNS PAUL T. HEARN III, § | |
| and SCDC, § | |
|     Defendants. § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DISMISSING THE ACTION WITHOUT PREJUDICE
AND WITHOUT ISSUANCE AND SERVICE OF PROCESS**

    Plaintiff Shahid Majid (Majid), who is self-represented, filed his amended complaint against Defendants Clerk Sharon Staggers, SLED Director Mark Keel, Deputy General Couns Paul T. Hearn III, and SCDC.

    The matter is before the Court for review of the Report and Recommendation (the Report) of the United States Magistrate Judge recommending to the Court this action be dismissed without prejudice and without issuance and service of process. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

    The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo

determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on June 18, 2024, and the Clerk entered Majid's objections to the Report on July 29, 2024, and his supplemental objections on July 30, 2024.  The Court has carefully reviewed both sets of objections, but holds them to be without merit.  It will therefore enter judgment accordingly.

The Magistrate Judge "recommends . . . this case be summarily dismissed without prejudice . . . for failure to state a claim upon which relief can be granted[.]" Report at 4.

Majid's objections consists of twenty-one handwritten pages, and twenty-seven pages of attachments; and his supplemental objections are twenty-two pages long, plus twenty-nine pages of attachments.  The Court has examined both sets of objections, the gist of which is the Magistrate Judge erred in recommending dismissal.  And, although they consist of mostly conclusory arguments, allegations, and case citations, many that Majid already presented to the Magistrate Judge, the Court holds they trigger de novo review.  *See Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) ("[A]n objection which merely restated all . . . the claims was sufficiently specific because it alerted the district court . . . the litigant believed the magistrate judge erred in recommending dismissal of those claims.  If the grounds for objection are clear, district court judges must consider them de novo[.]")  (citation omitted) (internal quotation and alteration marks omitted).

Now, having conducted a de novo review and considered all Majid's arguments, allegations, and case citations in his objections and supplemental objections, the Court is in total agreement with the Magistrate Judge: Majid has failed to state a claim upon which relief can be granted.  Consequently, the Court will overrule all Majid's objections.

Wherefore, after a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules all Majid's objections, adopts the Report, and incorporates it herein. It is therefore the judgment of the Court this action is **DISMISSED WITHOUT PREJUDICE** and without issuance and service of process.

Majid's motion for an extension of time to file his objections is **GRANTED** nunc pro tunc.

**IT IS SO ORDERED**.

Signed this 4th day of February, 2025, in Columbia, South Carolina.

/s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE

****

**NOTICE OF RIGHT TO APPEAL**

Majid is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.